IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CR-162 |
| ) | (Jordan / Shirley) |
| WINDELL BRIAN STEPHENS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on January 25, 2007, on defendant's Motion to Continue [Doc. 16], filed January 19, 2007. Assistant United States Attorney W. Brownlow Marsh appeared on behalf of the government. Attorney James Webster represented the defendant, who was also present.

The government did not oppose the request for continuance [Doc. 18]. Defense counsel stated a need for both independent laboratory testing of a substance referred to as "meth oil," and the pending report of the Tennessee Bureau of Investigation Forensic Laboratory on the same substance.

The Court questioned the defendant Mr. Stephens, who stated that he understood his right to a speedy trial. The defendant agreed with the need for a continuance and stated that he understood that he will remain subject to the conditions of his pretrial release pending his new trial

date. The defendant confirmed his request for this continuance and stated that he believes it is in his best interest.

The government agreed that a continuance of the trial was necessary. Further, both parties agreed that all the time between the hearing and the new trial date would be fully excludable under the Speedy Trial Act.

The Court agrees with the parties that. 18 U.S.C. § 3161(h)(8)(A). Given the approaching February 1, 2007, trial date, the Court finds that the failure to grant a continuance would deprive the defendant of the time to receive results of government testing and to pursue independent testing of the nature and weight of the substance which forms the basis of this indictment. The further examination of the substance coupled with the recent substitution of counsel may necessitate pretrial motions to be scheduled and heard before this Court. The Court finds that all of this could not take place before the February 1, 2007, trial date. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite the use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court has considered 18 U.S.C. § 3161(h)(8)(A) and finds the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. The grounds for finding that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial are:

> 1. The public and the defendant are more interested in the proper administration of justice and the defendant's right to due process of law than the speed of the trial.
> 2. The public and the defendant are more interested in both parties having the proper analysis, examination and reports of the laboratory tests in issue in order to

make reasoned decisions in preparation for trial or plea, and for any potential sentencing than the speed of the trial, and without which information such decisions could not be made.

3. The trial will be continued for only a short period of time.

The Court further finds that it would result in a miscarriage of justice if the parties were not permitted to know the results of this laboratory testing prior to trial or to have an opportunity to review the results, consider these in light of all the evidence and prepare for trial based on the results. See 18 U.S.C. § 3161(h)(8)(B).

The Motion to Continue is **GRANTED**. The trial of this matter is reset to **April 10, 2007 at 9:00 a.m.** before the Honorable Leon Jordan, United States District Judge. No additional pretrial conference shall be set in this case.

Accordingly, the Court finds, and the parties agree, that all the time between the January 25, 2007 hearing and the new trial date of April 10, 2007 is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge