UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:06-CR-162 |
| V. | ) | (Jordan / Shirley) |
| | ) | |
| | ) | |
| WINDELL BRIAN STEPHENS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On March 27, 2008, this matter came before the Court for a competency hearing as the Defendant Windell Brian Stephens. This issue was originally raised upon an oral motion to determine competency and sanity [Doc. 38], made by counsel for Mr. Stephens pursuant to 18 U.S.C. § 4241 (a) and § 4242 (a). After considering the motion and proffers by counsel, the Court found there was reasonable cause to believe that the defendant may have been "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Accordingly, the Court granted the motion and entered an Order [Doc. 39] for Mr. Stephens' evaluation.

Mr. Stephens was delivered to the Bureau of Prisons Federal Medical Center at Lexington, Kentucky ("FMC Lexington") for evaluation. See, [Doc. 44]. On December 11, 2007, the Court conducted a status conference at which time it was determined that Mr. Stephens was then

1

undergoing the evaluation.

On March 4, 2008, the Court received an 8 page Forensic Psychological Report from FMC Lexington Warden Stephen Dewalt, as prepared by forensic psychologist Dr. Karen Milliner. The report concluded that Mr. Stephens is presently competent to stand trial and was sane at the time of the alleged offense.

Upon Mr. Stephens' return to the jurisdiction from the mental evaluation, the Court set this matter for a competency hearing on March 27, 2008. At the competency hearing, Mr. Stephens was present with his counsel, Attorney James Webster. The government was represented by Assistant United States Attorney David Lewen. As the hearing commenced, Mr. Stephens stipulated to the contents and conclusions of the report issued by FMC Lexington. Counsel for Mr. Stephens stated that, in light of the report, he does not intend to pursue a defense of insanity at trial and withdraws previously-raised issues as to Mr. Stephens' competence to stand trial. The United States agreed that the Court should enter an Order finding the defendant competent to stand trial and adopting the conclusion that he was sane at the time of the alleged offense.

Relying upon Dr. Milliner's Forensic Psychological Report and pursuant to 18 U.S.C. §§ 4241 and 4247(d), this Court finds, by a preponderance of the evidence, that Defendant Windell Stephens is mentally competent in that he is able to understand the nature and consequences of the charges and proceedings against him, and to properly assist an attorney in his own defense. The Court finds that Mr. Stephens is competent to proceed to trial.

Having found Mr. Stephens competent to stand trial, at the conclusion of the hearing, the Court set a new trial date of **June 3, 2008, at 9:00 a.m.**, before District Court Judge R. Leon Jordan.

The parties stated that they will require a reasonable period of time to prepare for trial in

light of the conclusions regarding Mr. Stephens' competency.[1]  Defendant's counsel further indicated he intends to file a motion for pretrial release in the future.  Counsel for the defense and for the government agreed that a trial date of June 3, 2008, would afford the time necessary to prepare for the trial, allowing approximately nine weeks from the date of the hearing.  The Court agrees with the parties that the ends of justice served by granting nine weeks for trial preparation outweigh the best interest of the public and Defendant Stephens in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A).  The Court also finds that without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The Court finds that defense counsel and the attorney for the government will not have enough time to review their respective factual investigations, prepare to present and rebut proof before a jury or complete pretrial and trial preparation any earlier than the suggested June 3, 2008, trial date.  The Court finds that a hastily prepared trial in such a weighty matter would be likely to result in a miscarriage of justice for either the defendant, the government or both were the Court to set this matter for trial any sooner.  See 18 U.S.C. § 3161(h)(8)(B)(i).

Attorney Webster and Assistant United States Attorney Lewen stated their belief that all the time between the date of the request for competency evaluation, and the new date of the trial is excludable from the operation of the Speedy Trial Act.  The Court agrees and finds that all of the time from Defendant's oral motion for mental evaluation [Doc. 19], made on September 19, 2007, and the June 3, 2008, trial date is fully excludable time under the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(1)(A), (F) and (H).

---

[1] This case was not previously scheduled for trial as the District Court had originally set this case for change of plea at the request of the parties.

Accordingly, it is **ORDERED**:

(1) Defendant is **FOUND** competent to stand trial.

(2) The trial of this matter is set to commence on **June 3, 2008, at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Court Judge.

(3) Defense counsel shall file the anticipated motion for modification of conditions of pretrial release on or before **April 2, 2008**; the government's response to that motion is due on or before **April 11, 2008.** This Court will conduct a hearing on the merits of Mr. Stephens' motion on **April 18, 2008, at 9:30 a.m.**

(4) This Court will conduct a Pretrial Conference on **May 30, 2008, at 9:30 a.m.**; and

(5) All time between **September 19, 2007,** and **June 3, 2008**, is fully excludable time under the Speedy Trial Act for the reasons stated herein.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge